EEOC Form 5 (11/09)

| | |
|---|---|
| **CHARGE OF DISCRIMINATION** <br> This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:    Agency(ies) Charge No(s): <br> ☐ FEPA <br> ☒ EEOC    563-2021-02600 |

**KANSAS HUMAN RIGHTS COMMISSION** and EEOC
*State or local Agency, if any*

Name *(indicate Mr., Ms., Mrs.)*    Home Phone    Year of Birth
**MRS. JILL ANN ROGERS**

Street Address    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

Name    No. Employees, Members    Phone No.
**THE KANSAS CITY BOARD OF PUBLIC UTILITIES**    501+    (913) 573-9000

Street Address    City, State and ZIP Code
**540 MINNESOTA AVE, KANSAS CITY, KS 66101**

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☐ RETALIATION    ☐ AGE    ☒ DISABILITY    ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **03-02-2021**    Latest: **06-30-2021**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the Board of Public Utilities (BPU) in June 2003 and remained employed as an Assistant Purchasing Agent up until March 9, 2021, at which time I went out on FMLA leave. Under my employer's guidelines, FMLA protects me for 2 years so there was some discussion with HR about remaining on FMLA for up to 2 years (until I reached retirement, according to HR). Instead, I was forced to go out on Long Term Disability (LTD) because BPU failed to accommodate me by providing extended FMLA. Im on FMLA, but feel I was forced out on LTD due to BPU's request for a return to work note due ongoing treatment(s) for my medical condition.

In May of 2016, I was diagnosed with a condition that limits my mobility. I needed to use handicap parking stalls and requested installation of automatic doors that open upon approach. BPU installed the automatic doors but they constantly malfunctioned and work orders to repair them often went ignored. The employee handicap stalls at BPU were not close to the main entrance, so it was not convenient for someone with mobility issues. There

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Jill Ann Rogers on 11-22-2021 10:46 AM EST

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

**EXHIBIT A**

EOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 563-2021-02600 |

**KANSAS HUMAN RIGHTS COMMISSION** and EEOC
*State or local Agency, if any*

are handicap stalls near the main entrance but those were reserved Directors and Board members. At one point, I had been given permission to park in the handicap stalls closest to the main entrance but lost the privilege after a Board member complained. There are no handicap stalls at employee entrances near the elevator and even though there is space that could be designated as such, those stalls are reserved for Board Members and upper management and BPU won't designate those as handicap stalls for everyone to use.

Before going out on LTD, I served as Acting Purchasing Director for 3 years and was under the impression Id be promoted to Purchasing Director. Around March 2, 2021, I learned I did not get the promotion but instead was required to train the new hire on a position I had done for 3 years without problems. Due to being immunosuppressed, I had concerns about being in close proximity with another employee, so I asked about their vaccination status. I was never made aware of the new hires vaccination status and was told I should just stay home to avoid getting ill. Eventually, BPU required me to get a doctors note to return to work, something I had not been required to do for 3 years while undergoing medical treatments. When I asked my doctor about the note, my doctor stated he was not comfortable with writing such a note as he believed BPU was trying to shift liability onto my doctor so I could not obtain a return to work note. Because BPU as now required a return to work note and my doctor was not willing to provide me one, I felt compelled to go out on LTD until I could retire. Since my doctor would not release me to return to work on BPU's terms, I was told to stay at home on FMLA until future findings on Coronavirus.

I believe I have been discriminated, overlooked for a promotion and forced out on LTD into early retirement because of my disability, in violation of the Americans With Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Jill Ann Rogers on 11-22-2021 10:46 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

**EXHIBIT A**

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, b ca    they have opposed any practice made unlawful by the statutes, or because th y hav   made a charge, testified, assisted, or participated in any manner in an

# EXHIBIT A

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**EXHIBIT A**